### U. S. CIRCUIT COURT
### No. 259
### MARSHALL v. ROETTINGER, Trustee

U. S. Circuit Court of Appeals, 6th Circuit
No. 3968. Decided Dec. 4, 1923

127. BANKRUPTCY—1. Equitable lien on specific property of bankrupt will not be declared to prejudice of equal or superior equities.

2. Purchasers making remittance not entitled to lien, though bankrupt had goods to fill order.

3. Lien will not attach to bankrupt's unidentified or unsegregated property.

DONAHUE, C. J.            Epitomized Opinion
Published Only in Ohio Law Abstract

In 1922 the Pfau Manufacturing Co. was engaged in the manufacturing and sale of plumbing supplies. By circular letter dated May 10, 1922, it offered to sell three chino combinations for the price of two such combinations upon condition that a check for this special sale price, $49.00, should be enclosed with the order. This offer was limited to May 20, 1922. On May 23 the Pfau Manufacting Co. wrote the City Plumbing Co. in reply to its letter of May 22 that the time of acceptance would be extended and it would accept an order from the City Plumbing Co. if sent promptly with check covering the purchase price. On May 23 the City Plumbing Co. forwarded an order for six such combinations and enclosed its check for $98.00. Although this check was paid, the Pfau Co. did not ship the goods.

On June 23, 1922, the City Plumbing Co. wrote the Pfau Co. advising it that it had not received the goods and if not shipped immediately to return the money. No response was made to this letter. On July 5, 1922, upon suit of a creditor, a receiver was appointed for the Pfau Co. On Aug. 21 the Pfau Co. filed its voluntary petition in bankruptcy. It was later adjudged a bankrupt and a trustee was appointed and qualified. At the time of the appointment of a receiver, the Pfau Co. had received from customers responding to its circular letter orders and checks for 240 chino combinations. When the receiver was appointed the Pfau Co. had stock for over 750 complete chino combination sets which the receiver sold for an amount in excess of the aggregate advance payments made upon these 240 orders.

A petition was filed by Marshall d. m. a. The City Plumbing Co., claiming that it had a lien on all the assets of the bankrupt company and particularly on chino combinations in stock when the receiver was appointed. The referee denied the prayer of the petitioner for an equitable lien. This was affirmed by the District Court. The case was appealed to the United States Circuit Court. In sustaining the judgment of the court below, this court held:

1. Bankruptcy courts will declare an equitable lien on specific property or specific funds when it appears that in justice and equity a claimant is entitled thereto, and the fund or property on which the lien is sought to be imposed can be definitely traced or distinguished with reasonable certainty; but this will not be done to the prejudice of equal or superior equities or legal rights of other creditors.

2. Where, at the time a petition in bankruptcy was filed, bankrupt had on hand a sufficient number of chino combinations to fill all the orders therefor, but had not separated them, purchasers making remittances for a certain number of such combinations, not segregated or identified, were not entitled as against general creditors to an equitable lien on the proceeds from receiver's sale of these combinations.

3. No equitable lien will attach to bankrupt's unidentified or unsegregated property passing into trustee's possession and control, even though the contract on which the rights of the lien claimant are based apparently contemplates such a lien.

Attorneys—Alfred Mack,, for Marshall; Harry B. Mackory, for Roettinger.